UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____
                                        )
U.S. Commodity Futures Trading Commission,  )
                                        )
                    Plaintiff,          )    03 CV 9126 (GBD)
                                        )
        v.                              )    **Order for Judgment by Default,**
                                        )    **Permanent Injunction, Ancillary**
Leonard Basman, et al.                  )    **Equitable Relief and Civil Monetary**
                    Defendants.          )    **Penalty Against Leonard Basman**
                                        )
_____)
```

On November 18, 2003, the U.S. Commodity Futures Trading Commission

("Commission") commenced this action with the filing of the complaint against Leonard Basman

("Basman"), and others, in violation of the Commodity Exchange Act, as amended (the "Act"),

and the Commission's Regulations promulgated thereunder. The Complaint alleges that Basman

fraudulently solicited funds from the retail public for the purpose of trading managed foreign

currency accounts, which were illegal off-exchange foreign currency futures contracts. The

Complaint also alleges that Basman issued false statements to customers. The Complaint

charges Basman with violating Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2) (2001), and

Commission Regulation 1.1(b), 17 C.F.R. § 1.1(b) (2002). The Complaint also charges Basman

with violating Section 4(a) of the Act, 7 U.S.C. § 6(a) (2001).

On the same day the Complaint was filed, this Court issued a Statutory Restraining

Order, which, among other things, froze Basman's assets, granted the Commission immediate

access to all books and records related to Basman's business, and ordered that he provide to the

Commission a full accounting of his assets and funds.

On November 19, 2003, Basman was properly served with the Complaint pursuant to

Rule 4(e)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). On August 26, 2004,

this Court issued a preliminary injunction that included, in part, a provision staying the proceeding against Basman pending a resolution of his related criminal charges. On March 23, 2007, this Court entered an order lifting the stay and provided Basman with 20 days from March 23, 2007, to file an answer to the Complaint. To date, Basman has failed to file an answer to the Complaint. Accordingly, on June 18, 2007, the Clerk of this Court entered a certificate of default against Basman.

The Commission has now submitted its Application for Entry of Judgment by Default with Injunctive Relief, Civil Monetary Penalty, and Ancillary Equitable Relief Against Basman ("Application") pursuant to Fed. R. Civ. P. 55(b)(2) and Local Rule 55.2(b). The Court has carefully considered the Complaint, the allegations of which are well-pleaded and hereby taken as true, the Application, and other written submissions of the Commission filed with the Court, and being fully advised, hereby:

**GRANTS** the Commission's Application against Basman and enters findings of fact and conclusions of law finding Basman liable as to all violations alleged in the Complaint. The Court further grants the Commission's request for injunctive and ancillary equitable relief and a civil monetary penalty. Accordingly, the Court now issues the following Order for Judgment by Default, Permanent Injunction, Ancillary Equitable Relief and Civil Monetary Penalty Against Leonard Basman ("Order").

## I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.    Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this action and Basman pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or

is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1, in that Basman was found in, inhabited, or transacted business in this district, and the acts and practices in violation of the Act and Commission Regulations occurred within this district, among other places.

## B.     Findings of Fact

1.      Basman presently resides in the Federal Correctional Institution in Morgantown West Virginia.

2.      Basman has never been registered with the Commission in any capacity.

3.      Basman was the President of Madison Dean & Associates, Inc. ("Madison Deane") and has assisted in running the operations of Madison Dean, Madison Deane Asia Corporation ("Madison Deane Asia"), New York Capital Assets, Inc. ("NYCA"), ISB Clearing Corporation ("ISB"), Free Star Capital, Inc. ("Free Star"), William, Holbrook & Associates LLC ("Holbrook") and Oxford Capital Group LLC, ("Oxford") (collectively called the "Freestar companies").

4.      From at least the spring of 2002 to November 2003 (the "relevant period"), the Freestar companies, Matthew Salinas ('Salinas"), Ian Bursztyn ("Bursztyn"), George Omeste ("Omeste"), Damon Ripley ('Ripley"), Abdeldayem Mazen ("Mazen") (collectively "Basman's co-conspirators") and Basman fraudulently solicited funds from the retail public for the purpose of trading managed foreign currency accounts which are, in fact, illegal off-exchange foreign currency futures contracts. In addition, Basman and his co-conspirators have issued false

3

statements to customers that did not disclose their unauthorized withdrawal of funds from the customers' accounts.

5.     During the relevant period, Freestar companies customers were defrauded by Basman and his co-conspirators in the amount of $12,059,480.

6.     The transactions involved in this matter were for the purchase and sale of foreign currency for future -- as opposed to immediate or deferred -- delivery.

7.     The parties involved in these transactions did not have any business or personal need for the foreign currency. These parties did not intend to and did not take or make delivery of the foreign currencies as a consequence of these transactions. No accounts were maintained at any foreign financial institution to take or make delivery of foreign currency for any of the parties involved in these transactions.

8.     The contracts for future delivery of foreign currencies were cash settled in U.S. dollars. The prices or pricing formulas were established at the time the contracts were initiated and were settled through offset, cancellation, cash settlement or other means calculated to avoid delivery. In addition, customer account agreements made reference to the margining and settlement of transactions in the customer accounts, and language in the customer agreements defined settlement whereby all profits and losses were reflected in customer account statements the following month.

9.     The transactions involved in this matter were not conducted on or subject to the rules of a board of trade that has been designated by the Commission as a contract market, nor were these transactions executed or consummated by or through a contract market or on a facility registered as a derivatives transaction execution facility.

10.     The customers involved in these foreign currency futures transactions were not eligible contract participants.

11.     The parties that were counterparties, or offered to be counterparties, to these foreign currency futures transactions were not enumerated regulated counterparties. None of the parties was a financial institution, a broker or dealer, an associated person of a broker or dealer, an insurance company, a financial holding company, or an investment bank holding company. In addition, none of the parties was a futures commission merchant ("FCM") or an affiliate of a FCM.

C.     **Conclusions of Law**

1.     The foreign currency contracts offered and sold by Basman through the Freestar companies were futures contracts. The Freestar companies were not proper counterparties or affiliates of proper counterparties authorized under the Act or Commission Regulations to engage in foreign currency future transactions with retail customers. Therefore, the Commission has jurisdiction over these transactions pursuant to Section 2(c)(2)(B) of the Act, 7 U.S.C. § 2(c)(2)(B) (2002).

2.     During the relevant period, Basman and the other defendants, including the Freestar companies, cheated or defrauded or attempted to cheat or defraud customers or prospective customers, willfully made or caused to be made false reports or statements, and willfully deceived or attempted to deceive customers or prospective customers by, among other things, knowingly making false statements regarding trading profits and losses.

3.     Basman's and the other defendants' conduct was in connection with orders to make, or the making of, contracts of sale of commodities for future delivery, made or to be made, for or on behalf of any other persons.

4.      Basman and the other defendants, including the Freestar companies, therefore violated of Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2) (2001), and Regulation 1.1(b), 17 C.F.R.§ 1.1(b) (2002).

5.      During the relevant period, Basman, as an owner and/or operator of the Freestar companies, directly or indirectly controlled those companies and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting the Freestar companies' violations of Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2) (2001), and Regulation 1.1(b), 17 C.F.R.§ 1.1(b) (2002).  Thus, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2001), Basman is liable for the Freestar companies' violations of Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2) (2001), and Regulation 1.1(b), 17 C.F.R.§ 1.1(b) (2002), to the same extent as the Freestar companies.

6.      During the relevant period, the Freestar companies offered to enter into, executed, confirmed the execution of, or conducted an office or business in the United States for the purpose of soliciting, accepting any order for, or otherwise dealing in transactions in, or in connection with, a contract for the purchase or sale of a commodity for future delivery when: (a) such transactions were not conducted on or subject to the rules of a board of trade which was designated or registered by the Commission as a contract market or derivatives transaction execution facility for such commodity, and (b) such contracts were not executed or consummated by or through such contract market, in violation of Section 4(a) of the Act. 7 U.S.C. § 6(a) (2001).

7.      During the relevant period, Basman, as an owner and/or operator of the Freestar companies, directly or indirectly controlled the Freestar companies and did not act in good faith or knowingly induced, directly or indirectly, the Freestar companies' acts constituting the

6

violations of Section 4(a) of the Act, 7 U.S.C. § 6(a) (2001). Thus, pursuant to Section 13(b) of

the Act, 7 U.S.C. § 13c(b) (2001), Basman is liable for the Freestar companies' violations of

Section 4(a) of the Act, 7 U.S.C. § 6(a) (2001) to the same extent as the Freestar companies.

## II.   ORDER FOR RELIEF

### A.   Permanent Injunction

**IT IS THEREFORE ORDERED THAT:**

1.      Basman is permanently restrained, enjoined and prohibited from directly or

indirectly:

A.   Cheating or defrauding or attempting to cheat or defraud other persons, or willfully making or causing to be made to another person any false report or statement thereof, or willfully entering or causing to be entered for another person any false record thereof, or willfully deceiving or attempting to deceive another person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed with respect to any order or contract for another person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for:

(1)   hedging any transaction in interstate commerce in a commodity or the products or byproducts thereof;

(2)   determining the price basis of any transaction in interstate commerce in such commodity; or

(3)   delivering any commodity sold, shipped, or received in interstate commerce for the fulfillment thereof

in violation of Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2) (2001), and Section 1.1(b) of the Regulations, 17 C.F.R. §1.1(b) (2002); and

B.   Offering to enter into, entering into, executing, confirming the execution of, or conducting any office or business anywhere in the United States, its territories or possessions for the purpose of soliciting, accepting any order for, or otherwise dealing in, any transaction in, or connection with, a contract for the purchase or sale of a commodity for future delivery in violation of Section 4(a) of the Act, 7 U.S.C. § 6(a)(2001).

2.     Basman is further permanently restrained, enjoined and prohibited from engaging directly or indirectly in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

A.     Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

B.     Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

C.     Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

D.     Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9) (2004);

E.     Entering into any commodity interest transactions for his own personal account, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf; and/or

F.     Engaging in any business activities related to commodity interest trading.

3.     Basman is further permanently restrained, enjoined and prohibited from filing a petition in bankruptcy without providing the Commission with prompt notice by Certified Mail of such filing, as required by Part II.E of this Order.

4.     The injunctive provisions of this Order shall be binding upon Basman, upon any person insofar as he or she is acting in the capacity of officer, agent, servant or employee of Basman, and upon any person who receives actual notice of this Order, by personal service, email or facsimile, insofar as he or she is acting in active concert or participation with Basman.

8

## B.    Civil Monetary Penalty, Restitution, and Ancillary Relief

### IT IS FURTHER ORDERED THAT:

#### 1.    Civil Monetary Penalty

Basman shall pay a civil monetary penalty in the amount of $240,000, plus post-judgment interest (the "civil monetary penalty obligation"). Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

Basman shall pay the civil monetary penalty obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made by other than electronic funds transfer, Basman shall make the payment payable to the U.S. Commodity Futures Trading Commission and send to the following address:

> U.S. Commodity Futures Trading Commission
> Division of Enforcement
> Attention: Marie Bateman - AMZ-300
> DOT/FAA/MMAC
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169
> Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, Basman shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Basman shall accompany the payment of the penalty with a cover letter that identifies Basman and the name and docket number of this proceeding.

Basman shall simultaneously transmit copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, U.S. Commodity Futures Trading Commission, at Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, (b) Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address, and (c) Regional

Counsel, U.S. Commodity Futures Trading Commission, Eastern Regional Office, at 140 Broadway, 19th Floor, New York, NY 10005.

## 2.. Restitution

Basman shall pay restitution in the amount of $12,059,480 (twelve million fifty nine thousand four hundred eighty dollars), plus pre-judgment and post-judgment interest (the "restitution obligation"). Pre-judgment interest shall accrue from April 1, 2003, to the date of entry of this Order and shall be determined by using the underpayment rate established quarterly by the Internal Revenue Service pursuant to 26 U.S.C. § 6621(a)(2). Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

Basman shall pay the restitution obligation to Brian Rosner, Esq., the Court-appointed Receiver, Rosner, Moscow & Napierala, LLP, 26 Broadway, 22nd floor, New York, NY 10004-24424 by cashier's check, certified check or postal money order, under cover of a letter that identifies the name and Docket number of this action and the name of this Court, with a copy to the Director and to the Office of Cooperative Enforcement, Division of Enforcement, U.S. Commodity Futures Trading Commission, at the following address: Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and to the Regional Counsel, U.S. Commodity Futures Trading Commission, Eastern Regional Office, at the following address: 140 Broadway, 19th floor, New York, NY 10005.

Basman's restitution obligation in this matter coincides with the restitution obligations previously imposed by this court against Basman's co-conspirators Madison Deane, Madison Deane Asia, NYCA, ISB, Freestar, Holbrook, Oxford, Salinas, Bursztyn, Omeste, Ripley and Mazen. Accordingly, satisfaction of any part of these co-conspirators' restitution obligations

shall simultaneously result in satisfaction of Basman's restitution obligation in this matter to the same extent.

Basman's restitution obligation in this matter also coincides with the criminal judgment obligations imposed against Basman, Vito Napoletano, Salinas, Bursztyn, Omeste, Ripley and Mazen in U.S. v. Napoletano, et al., U.S. District Court for the Southern District of New York, S.D.N.Y. Docket No. 04 Cr. 156. Accordingly, satisfaction of any part of these criminal judgment obligations shall simultaneously result in satisfaction of Basman's restitution obligation in this matter to the same extent.

### 3.   Priority Of Monetary Sanctions And Partial Payments

Priority of Monetary Sanctions - All payments by Basman pursuant to this Order shall first be applied to satisfaction of the restitution obligation. After satisfaction of the restitution obligation, payments by Basman pursuant to this Order shall be applied to satisfy Basman's civil monetary penalty obligation.

Partial Payments - Any acceptance by the Commission and/or Receiver of partial payment of Basman's restitution obligation and/or civil monetary penalty shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Order, or a waiver of the Commission's and/or Receiver's right to seek to compel payment of any remaining balance.

### 4.   Cooperation

Basman shall cooperate fully with the Commission, the Receiver, and/or any government agency seeking to enforce the restitution and civil monetary provisions of this Order by providing any requested information relating to their financial status including, but not limited to, income and earnings, assets, financial statements, asset transfers, and tax returns.

**5.    Equitable Relief Provisions**

The equitable relief provisions of this Order shall be binding upon Basman and any person who is acting in the capacity of officer, agent, employee, servant or attorney of Basman, and any person acting in active concert or participation with Basman who receives actual notice of this Consent Order by personal service or otherwise.

**C.    MISCELLANEOUS PROVISIONS**

**IT IS FURTHER ORDERED THAT:**

**1.    Prohibition on Transfer of Funds**

Basman shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the purpose of concealing such funds or property from the Court, the Plaintiff, the Receiver, or any officer that may be appointed by the Court.

**2    Notices**

All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to Commission:    Regional Counsel
U.S. Commodity Futures Trading Commission
Division of Enforcement - Eastern Regional Office
140 Broadway, 19th Floor
New York, New York 10005
Phone: (646) 746-9700
Fax: (646) 746-9740

All such notices to the Commission shall reference the name and docket number of this proceeding.

12

### 3.     Continuing Jurisdiction of this Court

This Court shall retain jurisdiction of this case to assure compliance with this Order and

for all other purposes related to this action.

**SO ORDERED**, at _____ New York on this ___ day of _____, 2008.

FEB 1 3 2008

_____
UNITED STATES DISTRICT JUDGE
**JUDGE GEORGE B. DANIELS**

Respectfully submitted,

U.S. COMMODITY FUTURES TRADING
COMMISSION
Stephen J. Obie
Regional Counsel

By: _____
Joseph Rosenberg [JR-5225]
Senior Trial Attorney
Steven Ringer [SR- 9491]
Chief Trial Attorney
U.S. COMMODITY FUTURES TRADING
COMMISSION
140 Broadway, 19th Floor
New York, New York 10005
(646) 746-9743
(646) 746-9940 (facsimile)
jrosenberg@cftc.gov