

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. Commodity Futures Trading Commission,

        Plaintiff,

v.

Vito Napoletano,

        Defendant.

03 CV 9125 (GBD)
03 CV 9127 (GBD)
03 CV9128 (GBD)

## CONSENT ORDER OF PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF AGAINST DEFENDANT VITO NAPOLETANO

### I. BACKGROUND

On November 18, 2003, Plaintiff, U.S. Commodity Futures Trading Commission ("Commission") filed three separate complaints against Defendant Vito Napoletano ("Napoletano" or "Defendant") and others seeking injunctive and other equitable relief for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. §§ 1 et seq. (2002), and Commission regulations ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1 et seq. (2001) (collectively, the "Complaints"). *CFTC v. Bursztyn, et al.*, No. 03 CV 9125 (GBD) (S.D.N.Y.); *CFTC v. ISB Clearing Corporation, et al.*, No. 03 CV 9127 (GBD) (S.D.N.Y.); and *CFTC v. Madison Deane & Associates, Inc., et al.*, No. 03 CV 9128 (GBD) (S.D.N.Y.) (collectively, the "Actions"). The Court entered *ex parte* statutory restraining orders in the Actions on November 18, 2003 that, among other things, froze all assets belonging to or related to Napoletano and ordered the maintenance of and access to business records. On November 19, 2004, the Court entered preliminary injunctions against Napoletano.

1

## II. CONSENTS AND AGREEMENTS

To effect Settlement of the Actions alleged in the Complaints against Napoletano without a trial on the merits or any further judicial proceedings, Napoletano:

1. Consents to the entry of this Order of Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief Against Defendant Vito Napoletano ("Order").

2. Affirms that he has agreed to this Order voluntarily, and that no threat or promise other than as specifically contained herein been made by the Commission or any member, officer, agent, or representative thereof, or by any other person to induce Defendant's consent to this Order.

3. Acknowledges service of the Summons in each of the Actions and the Complaints.

4. Admits jurisdiction of this Court over him, admits that the Court has subject matter jurisdiction over these Actions, and admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2002).

5. Waives:

> (a) all claims that he may possess under the Equal Access to Justice Act (EAJA), 5 U.S.C § 504 (2000) and 28 U.S.C. § 2412 (2000), and Part 148 of the Regulations, 17 C.F.R. §§ 148.1, et seq. (2007), relating to, or arising from, the Actions;
>
> (b) all claims that he may possess under the Small Business Regulatory Enforcement Act, Pub. L. 104-121, Subtitle B, Section 223, 110 Stat. 862-63 (March 29, 1996), relating to, or arising from, the Actions;
>
> (c) any claim of double jeopardy based upon the institution of this proceeding or the entry in the Actions of any order imposing a civil monetary penalty or any other relief; and
>
> (d) all rights of appeal in the Actions.

6.  Defendant does not consent to the use of this Order, or the findings of fact or conclusions of law in this Order, as the sole basis for any other proceeding brought by the Commission, other than a proceeding in bankruptcy relating to Defendant, a Commission registration proceeding relating to Defendant, or to enforce the terms of this Order. Solely with respect to any bankruptcy proceeding relating to Defendant, a Commission registration proceeding related to Defendant and any proceeding to enforce this Order, Defendant agrees that the allegations of the Complaints and all of the findings of fact and conclusions of law in this Order shall be taken as true and correct and be given preclusive effect, without further proof. Furthermore, Defendant agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by Part VI of this Order, of any bankruptcy proceeding filed by, on behalf of, or against him.

7.  No provision of this Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding.

8.  Agrees that neither he nor any of his agents, employees, or representatives acting under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation of the Complaints or findings of fact or conclusions of law in this Order, or creating, or tending to create, the impression that the Complaints or this Order are without a factual basis; provided, however, that nothing in this provision shall affect Napoletano's (i) testimonial obligations; or (ii) rights to take legal positions in other proceedings to which the Commission is not a party. Napoletano shall take all necessary steps to ensure that all of his agents, employees, and representatives understand and comply with this agreement.

3

9. Consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order and for any other purposes relevant to the Actions, even if Napoletano now or in the future resides outside the jurisdiction.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised of the facts, finds that there is good cause for the entry of this Order and that there is no just reason for delay. The Court therefore directs the entry of findings of fact, conclusions of law, a permanent injunction, a civil monetary penalty and ancillary equitable relief pursuant to § 6c of the Act, 7 U.S.C. § 13 a-1, as set forth herein.

### A. Findings of Fact

1. The Commission is an independent federal regulatory agency charged with the responsibility of administering and enforcing the provisions of the Act and Regulations.

2. Napoletano was a New York State resident. Napoletano is not registered with the Commission in any capacity.

3. Napoletano, through his companies, marketed purported forex trading accounts to individuals who had assets totaling less than $5 million and had no business, personal or other need to take or make delivery in forex or to hedge against movements in the forex markets. Instead, investors entered into these transactions to speculate and profit from anticipated price fluctuations in the markets for these currencies. Investors did not anticipate taking – and did not take – delivery of the foreign currencies they purchased as a consequence of these investments.

4. All of the forex transactions offered and sold in the Actions were agreements, contracts or transactions in forex that are a sale of a commodity for future delivery ("futures").

5. All of the forex transactions offered and sold in the Actions were offered to, or entered into with, persons who did not qualify as eligible contract participants, meaning that

these investors were retail customers whose transactions are contemplated by Section 2(c)(2)(C) of the Act to be within the Commission's jurisdiction.

6. The counterparties, or the persons offering to be the counterparties, to the forex futures transactions were not one of proper counterparties specified in Section 2(c)(2)(B)(ii) of the Act.

7. Napoletano did not conduct the forex futures transactions on or subject to the rules of a board of trade that has been designated by the Commission as a contract market, nor were Napoletano's transactions executed or consummated by or through a contract market. Napoletano did not conduct transactions on a facility registered as a derivatives transaction execution facility.

### Docket 03 CV 9125

8. From at least May to November 2003, Napoletano knowingly aided and abetted in a scheme with other co-conspirators to defraud and deceive banks. This scheme was called the "knowledgeable trades" scheme. Through this scheme, Napoletano helped to defraud and deceive banks by knowingly and willfully aiding and abetting the conversion of bank funds and the concealment of this conversion through the sale of illegal forex futures transactions.

### Docket 03 CV 9127

9. The National Futures Association ("NFA") is a registered futures association. Acting in furtherance of its official duties under the Act, NFA required ISB Clearing Corporation ("ISB"), a futures commission merchant, to file weekly forex reports.

10. Beginning in March 2003, Napoletano and his co-conspirators caused to be filed with the NFA forex reports that contained false information relating to the balances and locations of accounts containing customer funds purportedly on deposit. The customer funds had been

solicited for the purpose of trading forex contracts that were, in fact, illegal off-exchange forex futures contracts.

11. The false forex reports were filed or caused to be filed with the NFA on a weekly basis for at least a 17-week period.

12. Napoletano knew these forex reports filed with the NFA contained false information.

13. Napoletano controlled and operated ISB and did not act in good faith and knowingly induced, directly or indirectly, the violations described above.

### Docket 03 CV 9128

14. Napoletano participated in a scheme with others in which he used companies he owned, controlled, and operated to fraudulently solicit funds from the retail public for managed accounts for forex transactions that were, in fact, transactions in illegal off-exchange forex futures contracts. Napoletano and his co-conspirators then misappropriated these funds and willfully made or caused to be made to clients false reports or statements regarding the profitability of their accounts. As a result of this scheme, Napoletano's customers were defrauded in the amount of $5,129,687.00.

**B.    Conclusions of Law**

1. This Court has subject matter jurisdiction over these Actions and the allegations in the Complaints pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which provides that whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder, the Commission may bring an action against such person to enjoin such practice or to enforce compliance with the Act.

6

2. In addition, Section 2(c)(2) of the Act, 7 U.S.C. § 2(c)(2) (2002) confers upon the Commission jurisdiction over certain retail transactions in forex for future delivery, including the transactions alleged in the Complaint.

3. This Court has personal jurisdiction over Napoletano pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, who acknowledges service of the Complaints and consents to the Court's jurisdiction over him.

4. Venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, because Napoletano was a resident of this district, transacted business in the district, and the acts and practices in violation of the Act and Regulations have occurred, among other places, within this district.

5. The forex contracts offered and sold in the Actions were futures contracts.

6. With the aforementioned practices, Napoletano violated Sections 4(a), 4b(a)(2), and 9(a)(4) of the Act, 7 U.S.C. §§ 6(a), 6b(a)(2), and 13(a)(4), and Regulation 1.1(b), 17 C.F.R. § 1.1(b).

7. There is good cause for entry of an order permanently enjoining Napoletano from engaging in future violations of the Act and Regulations, requiring Napoletano to pay civil monetary penalties and for the other equitable relief stated in this Order.

## IV. ORDER FOR PERMANENT INJUNCTION

**IT IS THEREFORE ORDERED THAT:**

1. Napoletano is permanently restrained, enjoined and prohibited from directly or indirectly:

   A. Cheating or defrauding or attempting to cheat or defraud other persons, or willfully making or causing to be made to another person any false report or statement thereof, or willfully entering or causing to be entered for another person any false record thereof, or willfully deceiving or

7

attempting to deceive another person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed with respect to any order or contract for another person, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person if such contract for future delivery is or may be used for:

    (1)    hedging any transaction in interstate commerce in a commodity or the products or byproducts thereof;

    (2)    determining the price basis of any transaction in interstate commerce in such commodity; or

    (3)    delivering any commodity sold, shipped, or received in interstate commerce for the fulfillment thereof

in violation of Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2), and Regulation 1.1(b), 17 C.F.R. §1.1(b);

B.    Offering to enter into, entering into, executing, confirming the execution of, or conducting any office or business anywhere in the United States, its territories or possessions for the purpose of soliciting, accepting any order for, or otherwise dealing in, any transaction in, or connection with, a contract for the purchase or sale of a commodity for future delivery in violation of Section 4(a) of the Act, 7 U.S.C. § 6(a); and

C.    Falsifying, concealing, or covering up by any trick, scheme, or artifice a material fact, making any false, fictitious, or fraudulent statements or representations, or making or using any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry to a registered entity, board of trade, or futures association designated or registered under the Act acting in furtherance of its official duties in violation of Section 9(a)(4) of the Act, 7 U.S.C. 13(a)(4).

2.    Napoletano is further permanently restrained, enjoined and prohibited from engaging directly or indirectly in any activity related to trading in any commodity, as that term is defined in Section 1a(4) of the Act, 7 U.S.C. § 1a(4), ("commodity interest"), including but not limited to the following:

A.    Trading on or subject to the rules of any registered entity, at that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

8

    B.    Engaging in, controlling or directing the trading for any commodity interest account for or on behalf of any other person or entity, whether by power of attorney or otherwise;

    C.    Soliciting, receiving, or accepting any funds from any person in connection with the purchase or sale of any commodity interest contract;

    D.    Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9), or acting as a principal, agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14 (a)(9), 17 C.F.R. § 4.14(a)(9);

    E.    Entering into any commodity interest transactions for his own personal account, for any account in which he has a direct or indirect interest and/or having any commodity interests traded on his behalf; and/or

    F.    Engaging in any business activities related to commodity interest trading.

3.    The injunctive provisions of this Order shall be binding on Napoletano, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Napoletano, and upon any person who receives actual notice of this Order by personal service or otherwise insofar as such person is acting in active concert or participation with Napoletano.

## V. ORDER FOR CIVIL MONETARY PENALTY AND OTHER EQUITABLE RELIEF

### IT IS FURTHER ORDERED THAT:

**A.   Civil Monetary Penalty**

1.    Napoletano shall pay a civil monetary penalty in the amount of $360,000, plus post-judgment interest, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1. Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by

9

using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

2. Napoletano shall pay this civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
Attn: Marie Bateman-AMZ-300,
DOT/FAA/MMAC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: 405-954-6569

If the payment is to be made by electronic funds transfer, Napoletano shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. Napoletano shall accompany the payment of this penalty with a cover letter that identifies Napoletano and the name and docket number of this proceeding. Napoletano shall simultaneously transmit copies of the cover letter and the form of payment to (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, NW, Washington, D.C. 20581; (b) the Chief, Office of Cooperative Enforcement, Division of Enforcement, at the same address; and (c) Regional Counsel, Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th Floor, New York, NY 10005.

**B. Restitution**

1. Napoletano shall pay restitution in the amount of $5,129,687.00 (five million one hundred twenty-nine thousand six hundred eighty-seven dollars) ("Restitution Obligation"),

10

2.  Napoletano shall pay the restitution to Brian Rosner, Esq., the Court-appointed Receiver (the "Receiver"), Rosner & Napierala, LLP, 26 Broadway, 22nd floor, New York, NY 10004-24424 by cashier's check, certified check or postal money order, under cover of a letter that identifies the names and docket numbers of the Actions and the name of this Court. Napoletano shall simultaneously send copies of the cover letter and form of payment to: (a) the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and to the Chief, Office of Cooperative Enforcement, at the same address; and (b) the Regional Counsel, Commodity Futures Trading Commission, Eastern Regional Office, 140 Broadway, 19th floor, New York, NY 10005.

3.  Napoletano's Restitution Obligation coincides with the restitution obligations previously imposed by this Court against Napoletano's co-conspirators in the Actions: ISB; Madison Dean & Associates, Inc.; Madison Deane Asia Corporation; New York Capital Assets, Inc ; Free Star Capital, Inc.; William, Holbrook & Associates LLC; Oxford Capital Group LLC; Matthew Salinas ("Salinas"); Ian Bursztyn ("Bursztyn"); George Omeste ("Omeste"); Damon Ripley ("Ripley"); Abdeldayem Mazen ("Mazen"); and Leonard Basman ("Basman"). Accordingly, satisfaction of any part of these co-conspirators' restitution obligations in the Actions shall simultaneously result in satisfaction of Napoletano's Restitution Obligation to the same extent.

4.  Napoletano's Restitution Obligation also coincides with the criminal restitution obligations imposed against Napoletano, Basman, Salinas, Bursztyn, Omeste, Ripley and Mazen in *United States v. Napoletano, et al.*, No. 04 Cr. 156 (S.D.N.Y.). Accordingly, satisfaction of any part of these criminal restitution obligations shall simultaneously result in satisfaction of Napoletano's Restitution Obligation to the same extent.

11

### C. Priority Of Monetary Sanctions And Partial Payments

1. <u>Priority Of Monetary Sanctions</u> - All payments by Napoletano pursuant to this Order shall first be applied to satisfaction of the Restitution Obligation. After satisfaction of the Restitution Obligation, payments by Napoletano pursuant to this Order shall be applied to satisfy Napoletano's civil monetary penalty obligation.

2. <u>Partial Payments</u> - Any acceptance by the Commission and/or Receiver of partial payment of Napoletano's Restitution Obligation and/or civil monetary penalty shall not be deemed a waiver of the respective requirement to make further payments pursuant to this Order, or a waiver of the Commission's and/or Receiver's right to seek to compel payment of any remaining balance.

### D. Miscellaneous Provisions

1. <u>Cooperation</u> - Napoletano shall fully cooperate with and assist the Receiver and the Commission in this proceeding and in any related inquiry, investigation, or legal proceeding. Such cooperation shall include, but not be limited to: (1) responding promptly, completely, and truthfully to any inquiries or requests for information; (2) promptly executing any documents and providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order; (3) authenticating documents; (4) testifying completely and truthfully; (5) ~~not asserting privileges under the Fifth Amendment of the United States Constitution~~; (6) transferring or repatriating Napoletano's funds; and (7) producing any password required to access any electronic files in any medium under control of Napoletano.

2. <u>Equitable Relief Provisions</u> - The equitable relief provisions of this Order shall be binding upon Napoletano and any person who is acting in the capacity of officer, agent,

12

employee, servant or attorney of Napoletano, and any person acting in active concert or participation with Napoletano who receives actual notice of this Order by personal service or otherwise.

3. <u>Prohibition on Transfer of Funds</u> - Napoletano shall not transfer or cause others to transfer funds or other property to the custody, possession or control of any other person for the purpose of concealing such funds or property from the Court, the Plaintiff, the Receiver, or any officer that may be appointed by the Court.

4. To the extent that any funds accrue to the U.S. Treasury as a result of Napoletano's Restitution Obligation in the Actions, such funds shall be transferred to the Commission in accordance with the procedure set forth Part V.A.2, above, and applied to Napoletano's civil monetary obligation.

5. <u>Notices</u> - All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

| | |
|---|---|
| Notice to Commission: | Regional Counsel<br>U.S. Commodity Futures Trading Commission<br>Division of Enforcement - Eastern Regional Office<br>140 Broadway, 19th Floor<br>New York, New York 10005<br>Phone: (646) 746-9700<br>Fax: (646) 746-9740 |
| Notice to Receiver: | Heather J. Haase, Esq. (HH-0222)<br>Counsel for Brian Rosner, Receiver<br>Rosner & Napierala, LLP<br>26 Broadway, 22nd floor<br>New York, NY 10004-24424 |

All such notices to the Commission shall reference the name and docket numbers of the Actions.

6. <u>Entire Agreement and Amendments</u> - This Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify

13

this Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

7. <u>Invalidation</u> - If any provision of this Order, or if the application of any provisions or circumstances is held invalid, the remainder of this Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

8. <u>Waiver</u> - The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Order. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

9. <u>Counterparts and Facsimile Execution</u> - This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Agreement that is delivered by facsimile shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Agreement.

10. <u>Continuing Jurisdiction of this Court</u> - This Court shall retain jurisdiction of the Actions to assure compliance with this Order and for all other purposes related to the Actions. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to assure compliance with this Consent Order and for all other purposes related to this action, including but not limited to monitoring the actions of the Temporary Receiver and considering any suitable

application or motion for additional relief within the jurisdiction of the Court.

**IT IS SO ORDERED.**

Dated: JUN 0 1 2009

*[signature]*
HON. GEORGE B. DANIELS
UNITED STATES DISTRICT COURT JUDGE

CONSENTED TO AND APPROVED BY:
U.S. COMMODITY FUTURES TRADING COMMISSION
Attorney for Plaintiff U.S. Commodity Futures Trading Commission

By: *[signature]*
Joseph Rosenberg [JR-5225]
140 Broadway, 19th Floor
New York, New York 10005

*****************************************************

Vito Napoletano
Defendant

By: *[signature]*
Vito Napoletano
MDC BROOKLYN
Metropolitan Detention Center
P.O. BOX 329002
Brooklyn, NY 11232

*****************************************************

James Frocarro
Attorney for Defendant

By: *[signature]*
James Frocarro
7 Old Shore Road
Port Washington, NY 11050

*****************************************************

Brian Rosner, Esq.
Receiver

By: *[signature]*
Heather J. Haase, Esq. (HH-0222)
Counsel for Brian Rosner, Receiver
Rosner & Napierala, LLP
26 Broadway, 22nd floor
New York, NY 10004-2442

15